BRANDON LOVICE ACKER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5196

Opinion filed June 28, 2016.

An appeal from the Circuit Court for Duval County.
Brad Stetson, Judge.

Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, David A. Henson, Assistant Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Robert Lee, Assistant Attorney General, and Matthew Pavese, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant was convicted of first-degree murder, attempted first-degree murder, and possession of a firearm by a convicted felon. He appeals his convictions and sentence. We affirm the convictions without discussion, but we

reverse and remand for resentencing consistent with *Williams v. State*, 186 So. 3d 989 (Fla. 2016).

At the time of sentencing, the trial court was bound by this Court's decision in *Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013) (en banc), review granted, 145 So. 3d 830 (Fla. 2014). The parties agreed below that under *Walton*, the trial court was obligated to impose consecutive sentences. Here, they argued about whether this Court should reconsider *Walton*.

While this appeal was pending, though, the Florida Supreme Court decided *Williams v. State*, holding that when "multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible *but not mandatory*." 186 So. 3d at 993 (emphasis added). Now, "a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently." *Id.*

Accordingly, while we affirm the convictions, we remand for a new sentencing consistent with *Williams*, during which the trial court may determine whether appellant's sentences for counts I and III should be consecutive or concurrent.

AFFIRMED in part; REVERSED and REMANDED in part.

WOLF, WINOKUR, and WINSOR, JJ., CONCUR.